## 16210

### STATE v. GOODWIN
(53 S. E. (2d) 225)

*Mr. Joseph Fromberg,* of Charleston, *for appellant,* cites:

*Messrs. G. M. Howe, Jr., Solicitor, Malcolm E. Crosland, Corporation Counsel,* and *Frank H. Bailey, Assistant Corporation Counsel,* all of Charleston, *for Respondent,* cite:

April 29, 1949.

BAKER, Chief Justice.

On October 19, 1948, upon report of a disturbance in the City of Charleston, two police officers went to the scene, which was the home of the appellant. Upon arrival, they found a crowd, and acting upon information as to cause, one of the officers knocked at the door of the appellant's home. The appellant came out of his home and into the street, where he was questioned by the officers. While on the street he became profane, abusive, and cursed and abused the police officers, and in general, was at the time engaged in a breach of the peace. As a result of this conduct on the part of appellant, he was arrested and charged with disorderly conduct and interfering with the police officers in the discharge of their duty.

The appellant was later released on bond. His case was called for trial in the Recorder's Court of the City of Charleston on October 20, 1948, when his attorney, Arthur Rittenberg, Esq., appeared, informed the Court that he represented the appellant, and in his behalf requested a continuance of the case until the following day, October 21, 1948. The request was granted.

On October 21, 1948, the case was again called for trial. The attorney who had appeared in behalf of the appellant on the preceding day was not present, but the appellant was present and stated that he desired to proceed with the case and did not want an attorney. Notwithstanding such statement by the appellant, the Recorder thereupon placed the case at the foot of the Docket, and had Mr. Rittenberg called. Mr. Rittenberg advised that he did not desire to be present and requested that the case be handled without him. The appellant was informed of the facts, and thereupon and then and there stated that he wanted to proceed with the trial as he had requested in the beginning.

Upon the evidence submitted, the appellant was found guilty, and sentenced to pay a fine of $50.00 or serve 20 days in jail. He paid the fine and went away. No motion was made for a new trial, nor was any request made for an appeal bond.

On the same day, the appellant's present counsel served Notice of Appeal to the Court of General Sessions of Charleston County.

The appeal was heard by the Honorable J. Frank Eatmon, Presiding Judge of the Ninth Judicial Circuit (Charleston County being in this Circuit), who, after hearing arguments, dismissed the appeal, and in his order dismissing the appeal stated: "I have come to the conclusion that the defendant was given a fair and impartial trial, am satisfied that substantial justice has been done. The record also reveals, which fact is not in controversy, that the defendant on the same day of his conviction paid the fine imposed upon him; that there was no motion for a new trial, nor any request for an appeal bond."

With the exception of the quoted portion of the order dismissing the appeal, all of the facts hereinabove stated appear in the agreed "Statement of Case."

The sole exception on the appeal from Judge Eatmon's order alleges error in his holding that the appellant was given

substantial justice and a fair and impartial trial when he was not represented by counsel, and the testimony at the trial was not taken down in writing as required by law.

Section 966 of the Code of 1942 provides the method of appeal from the court of a recorder, reading in part as follows: "\* \* \* and the party appealing do enter into bond, payable to such city, to appear and defend such appeal at the next \* \* \* term of said court of general sessions as the appeal may be taken in such amount and with such sureties as the recorder may determine."

There was no attempt to comply with this statute, but as aforestated, the appellant paid his fine and departed. Hence, the case was at an end, and there was nothing left from which the appellant (defendant) could appeal. We quote from *Town of Batesburg v. Mitchell,* 58 S. C. 564, 570, 37 S. E. 36:

"The first, second and fourth grounds of appeal impute error to the Circuit Judge in holding that by the payment of the fines imposed upon the defendants, the case was at an end, and there was nothing left from which the defendants could appeal. In this there was no error. As we have seen, the statute provides how an appeal may be taken in a case like this; and makes special provision as to how a party convicted may avoid compliance with the sentence pending his appeal, and we are at a loss to perceive by what authority these defendants could substitute any other mode of obtaining that end than the mode specially provided by the statute. There can be no doubt that an appellate tribunal cannot, and will not, do such a nugatory act, as to hear an appeal from a sentence which has already been complied with; for that would be to decide a mere speculative question; and this, it has been frequently held, the Court will not do. *Ex parte Pereira,* 6 Rich. 149; *State v. Gathers,* 15 S. C. 370. See, also, *Smith v. United States,* 94 U. S. 97, 24 L. Ed. 32; *Bonahan v. State of Nebraska,* 125 U. S. 692, 8 S. Ct. 1390, 31 L. Ed. 854."

The order of the Circuit Court dismissing the appeal is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.