DAVID GREENBERG, TRUSTEE IN BANKRUPTCY (ESTATE OF ORMSBEE AND GILBERT, INC.) *v.* JULIUS M. HARRISON ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Decided October 11, 1956

*Nathan A. Resnik,* for the named defendant.

*Isadore Chaplowe* and *James R. Greenfield,* for the plaintiff.

PER CURIAM. The appeal in this case was decided by this court on June 25, 1956.[1] Error was found as to the judgment against the defendant Henry S. Harrison, and the case was remanded with direction

---

[1] The opinion appears in 143 Conn. 519.

to render judgment in his favor. No error was found as to the defendant Julius M. Harrison. The latter, whom we shall call the defendant, did not file a motion for reargument within the time permitted by rule. Practice Book § 441.

On September 19, 1956, the defendant filed a petition for writ of error coram nobis, in which he asked that the judgment against him, in so far as it is based on the third of three counts in the complaint, be vacated. The cause of his grievance is found in these allegations of the petition: "Plaintiff in error [Julius M. Harrison] raises no issue as to this Court's affirmance of the judgment in the First and Second Counts. As to the Third Count, he now does raise again the fact that there was error and that he is aggrieved by the failure of this Court to pass upon the merits of the appeal from [the] judgment on the Third Count. . . . The reason is that defendant in error [David Greenberg, Trustee] now seeks a body execution on the Third Count as it sounds in tort."

We do not attempt to determine at this time whether a writ of error coram nobis is available to a party seeking to vacate a judgment of this court as distinguished from a judgment of a trial court. Assuming that the writ is available and that the procedure pursued by the defendant was proper, we must deny the petition, since the defendant misconceived the scope of the remedy. A writ of error coram nobis can never take the place of a motion to reargue, which is substantially what the defendant requests. The writ is one which attacks a judgment. It is applied for at a term subsequent to that at which the challenged judgment was rendered, and it seeks to have the judgment revoked for errors of fact which were not apparent on the record and were

not negligently withheld by the petitioner from the court. It does not lie as to issues which were adjudicated at the trial or which with diligence on the part of the petitioner might have been adjudicated. As to what constitutes an error of fact upon which the writ may rest, see Orfield, "The Writ of Error Coram Nobis in Civil Practice," 20 Va. L. Rev. 423.

In view of the action taken on the petition for writ of error coram nobis, it is unnecessary to pass upon the plaintiff's motion to dismiss the writ.

The petition is denied.