**Clarence E. BUTLER, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 18606.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 12, 1964.

Decided March 18, 1965.

Messrs. Richard B. Sobol and Ralph J. Temple, Washington, D. C., with whom Mr. Dennis G. Lyons, Washington, D. C., was on the brief, for appellant.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Butler and one Wilson were severally charged in the Court of General Sessions with filing false reports that members of the Metropolitan Police force had beaten and kicked a recalcitrant prisoner, one Miller. Both Wilson and Butler were represented by counsel throughout their trial which terminated on or about September 20, 1963. The trial judge prepared an agreed statement of the proceedings in which all counsel concurred. The judge noted "that the interests of justice did not necessarily require that they be fined or incarcerated, provided the defendants well understood the value of the Police Department to them as responsible citizens in the community." The trial judge thereupon continued the cases until October 11, 1963 when Wilson and Butler again appeared with their court-assigned counsel. The judge had required that they meanwhile "respectively prepare and submit a written essay demonstrating diligent effort on their part to set forth those reasons why the

Police Department should be entitled to the respect of the citizenry just as the citizenry is entitled to the respect of the Police Department."

The trial judge stated "that Wilson's dissertation was satisfactory and the imposition of sentence on Wilson was suspended. The court stated that Butler's statement was not satisfactory, that it looked as if he had not worked on it more than one-half hour the night before." Butler was sentenced to $150 fine or sixty days imprisonment.[1]

There is no basis in our law for the requirement that the accused Butler prepare an essay, satisfactory to the sentencing judge, as a condition for the suspension of the imposition of sentence. That circumstance alone is sufficient to void the purported sentence.

The record makes it clear that Wilson went free because he met whatever standards the judge had erected in his own mind. By the same token, Butler was sentenced to pay a fine of $150 or to serve sixty days in jail because his essay was deemed insufficient.

The District of Columbia moved to dismiss Butler's timely appeal. We find ourselves unable to agree with the majority opinion in the District of Columbia Court of Appeals which granted that motion.[2] With all due deference to our able colleagues, we think they have failed to note the vitiating circumstance which, regardless of the other contentions of the parties, infected the purported conviction.[3] We will reverse and remand with directions that the District of Columbia Court of Appeals order the information dismissed, a disposition we deem "just under the circumstances." [4]

Reversed and remanded with directions.

---

1. Butler's counsel objected to the sentence, not on the ground we specify but because it was in excess of the maximum authorized by law. The trial judge overruled the objection.

2. Butler v. District of Columbia, 200 A. 2d 86 (D.C.Mun.App.1964).

3. It thus becomes unnecessary for us to examine further into the merits. Cf.

Garrison v. State of Louisiana, 379 U. S. 64, 75, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964), which came down after the District of Columbia Court of Appeals had decided the instant case.

4. See 28 U.S.C. § 2106 (1958); Bryan v. United States, 338 U.S. 552, 559, 70 S.Ct. 317, 94 L.Ed. 335 (1950).