18668

The STATE, Respondent, v. David John MORRIS, Appellant

(155 S. E. (2d) 623)

*Frank E. Cain, Jr., Esq.,* of Bennettsville, *for Appellant,*

*Messrs. Marion H. Kinon, Solicitor,* of Bennettsville, and *J. Dupre Miller, Assistant Solicitor,* of Dillon, *for Respondent.*

June 13, 1967.

Lewis, Justice.

The question presented is whether a defendant is entitled to the issuance of a writ of certiorari for review of a judgment of conviction in the magistrate's court after he has fuly satisfied the judgment by the voluntary payment of the fine imposed upon him.

The defendant, John David Morris, was convicted on January 9, 1967, in Magistrate's Court, Marlboro County, of the offense of driving an automobile while under the influence of intoxicating liquors in violation of Section 46-343 of the 1962 Code of Laws, and sentenced to pay a fine of sixty ($60.00) dollars or serve a period of thirty (30) days upon the public works of Marlboro County, whereupon the defendant complied with the sentence by paying the fine imposed. Although not a part of the sentence of the court, *Parker v. State Highway Department*, 224 S. C. 263, 78 S. E. (2d) 382, it appears from the brief of defendant that his driver's license was suspended by the Highway Department pursuant to the provisions of Section 46-348, 1962 Code of Laws, presumably for a six months period for a first offense.

Subsequently, on February 11, 1967, more than thirty days after the defendant had paid his fine and thereby satisfied the sentence imposed, he petitioned the Resident Judge of the Fourth Judicial Circuit for a Rule to Show Cause why a writ of certiorari should not be issued requiring the magistrate's court to certify the record of the proceedings in connection with defendant's conviction of the foregoing offense. The petition alleged that the judgment of conviction was void because (1) no arrest warrant was ever issued or served so as to give the court jurisdiction, (2) the magistrate failed to fully explain to defendant the nature of the charges or his right to a trial by a fair and impartial jury, (3) the State failed to introduce any competent or scientific evidence as to the percentage of alcoholic content, if any,

in defendant's blood. The circuit judge refused to issue the requested Rule and defendant has appealed.

The relief sought by defendant was properly denied. He had a right to have his conviction reviewed but instead voluntarily paid his fine and thereby satisfied the judgment and sentence of the court. The voluntary compliance with the sentence ended the action and precludes a review of the judgment of conviction. *Town of Batesburg v. Mitchell,* 58 S. C. 564, 37 S. E. 36; *State v. Goodwin,* 214 S. C. 481, 53 S. E. (2d) 225.

While the *Mitchell* and *Goodwin* cases involved an attempt by appeal to obtain review after payment of the fines imposed, the principles announced are equally applicable where review is sought, as here, by certiorari. The view is apparently supported by the weight of authority. In 24 C. J. S. Criminal Law § 1668, page 1049, it is stated: "The decisions are not uniform as to the right of accused to review a sentence or judgment imposing a fine which has been paid. According to the weight of authority, however, where accused in a criminal case voluntarily pays the fine imposed on him, he waives his right to an appeal, or to a review by certiorari." See also: 4 Am. Jur. (2d), Appeal and Error, Section 272. Cases on the question have been collected in annotations in 18 A. L. R. 867 and 74 A. L. R. 638.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.