**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Donald D. BOHLING, Defendant-Appellant.**

**No. 18760.**

United States Court of Appeals
Sixth Circuit.

Aug. 16, 1968.

---

Bernard J. Stuplinski, U. S. Atty., Rolf H. Scheidel, Asst. U. S. Atty., Toledo, Ohio, for appellee.

Thomas L. Corogin, Port Clinton, Ohio, for appellant.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

The government has moved to dismiss the appeal on the ground that the issues became moot when appellant, prior to his appeal, paid the fine imposed upon his conviction for a misdemeanor.

Appellant was tried in the District Court on an information charging him with aiding and abetting others in violation of Regulation 50 C.F.R. § 10.3(b) (9) made pursuant to the Migratory Bird Act, 16 U.S.C. §§ 703–711. The

maximum penalty for the offense is a fine of $500.00 or imprisonment for six months or both. The District Judge imposed a fine of $200.00 and six months imprisonment, but ordered that the prison sentence be suspended upon payment of the fine.

Appellant was not indigent. He was allowed one month's time to hire a lawyer but he decided that he could just as well represent himself, and he tried his own case.

The case was tried on April 8, 1968, and appellant was found guilty on that day. The Court requested a presentence report from the probation department and the report is dated April 23rd. The Court sentenced appellant on April 26, 1968. When the Court sentenced appellant he was advised of his right to appeal and that the Clerk would file a notice of appeal for him if he so requested. The Court also allowed appellant three days in which to pay the fine.

Appellant did not advise the Court of any desire on his part to appeal and made no request of the Clerk to file a notice of appeal. Instead appellant paid the fine on April 26, 1968. Thereafter he procured counsel who filed the notice of appeal on May 6, 1968.

It is clear to us that the issues have become moot. St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L. Ed. 1199 (1943); Holmes v. United States, 383 F.2d 925, 927 (D.C.Cir. 1967); United States v. Galante, 298 F. 2d 72, 73 (2nd Cir. 1962); James v. United States, 275 F.2d 332, 333, cert. denied 362 U.S. 989, 80 S.Ct. 1077, 4 L. Ed.2d 1022 (8th Cir. 1960); Government of Virgin Islands v. Ferrer, 275 F.2d 497, 500 (3rd Cir. 1960); Gillen v. United States, 199 F.2d 454 (9th Cir. 1952). The decision of the Supreme Court in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) is inapposite.

Appellant makes no claim that his conviction for the petty offense will result in the loss of his civil rights or in any other legal disadvantage. His sole response to the motion to dismiss is that the District Judge did not advise him that his notice of appeal would be of no effect if he decided to pay the fine. He made no request for such advice. The advice given to him by the District Judge was in conformity with Rule 32(a) of the Federal Rules of Criminal Procedure which is all that is required.

The motion to dismiss is granted.