STATE OF CONNECTICUT *v.* RICHARD C. BOWLING

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 3-7663

Argued January 20—decided February 3, 1969

*Arthur B. LaFrance,* of New Haven, for the appellant (defendant).

*Americo S. Ventura,* assistant prosecuting attorney, for the appellee (state).

JACOBS, J.  On December 20, 1967, the defendant was convicted of the crime of breach of the peace (General Statutes § 53-174) after a nonjury trial and was sentenced to a term of one year in the state jail, execution to be suspended after sixty days, and he was placed on probation for a period of two years.  At the trial, he was represented by privately retained counsel.

On September 13, 1968—some nine months after the conviction—the defendant, through new appellate counsel, filed in the Circuit Court a "motion for leave to file late appeal" upon the following grounds: (1) "His privately retained counsel did not advise defendant of his right of appeal"; (2) the "defendant requested his counsel to initiate an appeal . . . [and] his attorney refused to do so"; (3) the "defendant's attorney failed to protect [his] appeal rights by seeking a continuance or filing appropriate papers"; (4) "by reason of ignorance, confinement and indigency, [the defendant] was unable to obtain counsel, initiate an appeal or protect his appeal rights." The trial court denied the motion without taking evidence.

The right of direct appellate review in criminal convictions is of relatively recent origin. See *Carroll* v. *United States,* 354 U.S. 394, 400, n.9. "An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such an appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offence of which the accused is convicted, was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the State to allow or not to allow such a review." *McKane* v. *Durston,* 153 U.S. 684, 687; see *Reetz* v. *Michigan,* 188 U.S. 505, 508. "Thus, it is now settled that due process of law does not require a State to afford review of criminal judgments." *Griffin* v. *Illinois,* 351 U.S. 12, 21 (concurring opinion). Where, however, a state does grant appellate review from criminal convictions, it may not do so in such a way as to discriminate against criminal defendants on account of their poverty. Id., 18. "It is, therefore, clear that the right of appeal may be accorded by the State to the accused upon such terms as in its

wisdom may be deemed proper." *McKane* v. *Durston,* supra. "The States have exercised this discriminating power. The different States and the same State from time to time have conditioned criminal appeals by fixing the time within which an appeal may be taken, by delimiting the scope of review, by shaping the mechanism by which alleged errors may be brought before the appellate tribunal, and so forth." *Griffin* v. *Illinois,* supra, 21 (concurring opinion). Connecticut has furnished criminal defendants with "an adequate and easily-complied-with method of appeal." *Brown* v. *Allen,* 344 U.S. 443, 485.

Our Supreme Court has repeatedly said that in this state "[t]he right of appeal is purely statutory and is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met." *Howarth* v. *Northcott,* 152 Conn. 460, 462; see *Kennedy* v. *Walker,* 135 Conn. 262, 266; Maltbie, Conn. App. Proc., p. 514. The right of appeal statute (General Statutes § 51-265) conditions appeals to this court by fixing the time within which an appeal may be taken. It provides a fourteen-day limitation for taking an appeal from the judgment of conviction; it is applied alike to all defendants. See Practice Book § 952; *Ide* v. *Crown Super Market of New Haven, Inc.,* 23 Conn. Sup. 253, 254, 1 Conn. Cir. Ct. 190, 191; *State* v. *Wilson,* 22 Conn. Sup. 345, 346, 1 Conn. Cir. Ct. 19, 20. In *Brown* v. *Allen,* supra, the court "squarely held that a state may con-stitutionally hold a criminal appellant to literal compliance with clearly stated technical require-ments for appeal." *United States* v. *Smith,* 306 F.2d 596, 605, cert. denied, 372 U.S. 959.

In this state, "as generally in other jurisdictions, the conditions upon which appeals to courts of

review may be taken and perfected . . . are expressly defined and limited by statute, and 'the conditions required by statute as precedent to taking and perfecting an appeal cannot therefore be modified or extended by any judge or court without express statutory authority.' "[1] *Etchells* v. *Wainright*, 76 Conn. 534, 538; see *Connecticut Mortgage & Title Guaranty Co.* v. *DiFrancesco*, 112 Conn. 673, 675; *Cramer* v. *Reeb*, 89 Conn. 667, 669.

"The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *United States* v. *Robinson*, 361 U.S. 220, 229; see *Berman* v. *United States*, 378 U.S. 530 (per curiam) (affirming dismissal of the appeal on the authority of *United States* v. *Robinson*, supra); note, 149 A.L.R. 740, supplementing note, 89 A.L.R. 941; 24A C.J.S. 54, Criminal Law, § 1711 (2); Orfield, Criminal Appeals in America, p. 182. "That powerful policy arguments may be made both for and against greater flexibility with respect to the time for the taking of an appeal is indeed evident. But that policy question, involving, as it does, many weighty and conflicting considerations, must be resolved through the rulemaking process and not by judicial decision. . . . Whatever may be the proper resolution of the policy question involved, it was beyond the power of the [Circuit] Court . . . to resolve it." *United States* v. *Robinson*, supra, 229–30.[2]

---

[1] Under Practice Book § 954, "[t]he judge who presided at the trial may, for good cause shown, extend the time for filing the appeal . . . , provided a motion for extension of time is filed and served upon the adverse party *before the time for filing the appeal . . . has expired.*" (Italics supplied.)

[2] Mr. Justice Whittaker added the following footnote in the *Robinson* case (361 U.S. 220, 230 n.14): "The allowance of an appeal months or years after expiration of the prescribed time seems unnecessary for the accomplishment of substantial justice, for there are a number of collateral remedies available to redress denial of basic rights. . . ." In *State* v. *Brown*, 157 Conn. 398, the defendant

We find nothing in our appeal statute or rules of court which permits an enlargement of the fourteen-day limitation for taking an appeal. This limitation is binding upon the courts no matter how meritorious the excuse for failure to appeal within the time fixed by the statute. The requirement that appeals be taken timely is dictated by the need for finality of judgments and economy in judicial administration. Moreover, ad hoc relaxation of the rule would in effect compromise, if not undermine, the integrity of our judicial structure and lead to a loss in consistency and predictability. See comment, "Ad Hoc Relief for Untimely Appeals," 65 Colum. L. Rev. 97.

The ruling in *State* v. *Allen,* 99 N.J. Super. 314, to which our attention has been called as applicable to the case before us, is based upon New Jersey's Criminal Practice Rules, particularly Rule 3:10A, entitled "Post-Conviction Relief," and affords little weight as authority under our laws and practice.

The motion for review is denied without prejudice to the right of the defendant in an

filed an appeal five years and nine months after final judgment was rendered in the Superior Court. No attempt was made by the defendant to take an appeal within the time limited by the rule. The court said (p. 401): "There are two situations in which the trial court or a judge thereof is authorized to allow an appeal subsequent to the expiration of the time limited by the rule. The first is where . . . the court or a judge thereof grants an extension of time for the filing or the perfecting of an appeal." The only other situation where an untimely appeal has been allowed without the granting of proper extensions of time has been " 'where on habeas corpus it has been properly determined that a right of appeal required by the federal constitution has been denied,' in which case 'any rule restricting an appeal merely because of lapse of time necessarily is ineffective to preclude an appeal in accordance with federal constitutional requirements.' " The court held that the trial court was without authority to grant a late appeal; accordingly, the appeal was dismissed "without prejudice to the right of the defendant in an application for a writ of habeas corpus to seek a determination of his claim that he has been deprived of a right of appeal required by the federal constitution." Id., 403.

application for a writ of habeas corpus to seek a determination of his claim that he had been deprived of a right of appeal required by the federal constitution.

In this opinion Kosicki and DiCenzo, Js., concurred.