## State of Vermont v. Thomas Leo Cahill

[ 251 A.2d 497 ]

December Term, 1968

Present: Shangraw, Barney, Smith, Keyser, JJ., and Hill, Supr. J.

Opinion Filed February 4, 1969

Motion for Reargument Denied March 3, 1969

*Patrick J. Leahy,* State's Attorney, for the State.

*Peter Forbes Langrock, Esq.,* and *Mark L. Sperry, Esq.,* for the Defendant.

**Barney, J.** The respondent contends that his conviction on a speeding charge was either determined by, or heavily influenced by, evidence based on the operation of a radar speed-measuring device. It is not the court's general recognition of the theory of measurement of speed by radar electronics to which he objects. Rather, he seeks to raise more specific questions relating to foundations for the admission of such scientific evidence, and the appropriate range of examination as to proper calibration and operation of the equipment by personnel whose qualifications should be proven. The kind of issues involved are discussed in *State* v. *Tomanelli,* 153 Conn. 365, 216 A.2d 625. As is indicated in *State* v. *Ellis,* 5 Conn.Cir. 190, 248 A.2d 71, the issues as to the reliability of various kinds of speed measuring devices, in theory

and in operation, have much in common when proposed as evidence. See 2 Wigmore, Evidence, §§417 (b) and 655 (a) (3d ed. 1940), and cases noted thereunder.

However, in this particular case we are barred from examining the evidentiary questions raised. It is undisputed that the sentence of the court, imposed on the verdict of guilty, has been fully carried out. The assessed fine and costs have now been paid without protest. With the judgment fully and voluntarily executed, there is no issue still pending upon which an order of this Court can operate. The policy which requires that this Court not give advisory opinion, limiting its decisions to those involving an actual controversy, requires dismissal of this appeal. *In re House Bill 88,* 115 Vt. 524, 529, 64 A.2d 169.

It should be pointed out that the voluntariness of this payment is important. In view of the provisions of 13 V.S.A. §7401, mandating a stay of sentence on conviction of a misdemeanor during appeal, and in view of the kind of offense it is, the respondent was under no compulsion, by way of imminent alternative punishment or otherwise, to thus pay his fine and costs during the pendency of his appeal. A demonstration of such compulsion or even substantial collateral disadvantage might justify departure from this holding. Without such, however, we are left without a controversy. See annotation 9 A.L.R.3d 462.

*Appeal dismissed.*

**Smith, J.,** sat on this case, but did not participate in the decision due to illness.