**UNITED STATES of America ex rel. Judge Edwin A. ROBSON, Plaintiff-Appellee,**

v.

**Joanne MALONE and Patricia Kennedy, Defendants-Appellants.**

**No. 17677.**

United States Court of Appeals Seventh Circuit.

July 11, 1969.

James B. O'Shaughnessy, David Goldberger, John Henry Schlegel, David C. Long, Chicago, Ill., for defendants-appellants.

Thomas A. Foran, U. S. Atty., Michael B. Nash, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before KILEY, SWYGERT and FAIRCHILD, Circuit Judges.

PER CURIAM.

These are appeals from ten and thirty day sentences of confinement for contempt of court. The district court denied bail. This court ordered release on bond and expedited the appeals.

The events involved occurred in the court room of the Honorable Edwin A.

Robson, District Judge, on June 5, 1969. One proceeding before the court was the arraignment of fifteen persons charged with destroying selective service records.

Appellants are two young women. Joanne Malone is a high school teacher at St. Louis and a member of a religious order. Patricia Kennedy resides principally in California. She dropped out of high school at age 16 and has attended classes and lectures at several colleges, but without being enrolled. Each holds the opinion that the courts are often instruments of injustice.

Appellants were both present as spectators when court opened at 10 a.m. Miss Malone did not rise when the bailiff asked everyone to rise nor when the request was specifically directed to her. Judge Robson directed the marshal to take her into custody and stated that she was in direct contempt of court. She remained in the marshal's custody in another part of the building until brought back to court at 2 p.m.

Miss Kennedy left the court room after the arraignment, but returned about 11 o'clock during trial of a patent case. When a recess was called at 11:30, the bailiff directed that everyone rise. Miss Kennedy did not rise; Judge Robson ordered the marshal to take her into custody.

At 2 p.m. the court proceeded summarily under Rule 42(a) F.R.Cr.P. The court's certification of contempt included findings based on his observation of the events of the morning and appellants' responses to the court's questions in the afternoon. In so far as the court found that appellants' refusal to stand was wilful and was intended to express their disapproval of the manner in which courts administer justice, the proceedings support the findings.

The court sentenced Miss Malone to ten days, Miss Kennedy to thirty. The heavier penalty for Miss Kennedy probably reflects the court's conclusion that she returned to the court room at 11 o'clock with the intent to refuse to rise,

and the court's finding (not supported by the transcript, but perhaps based on personal observation) that her "demeanor in responding to the court's questions was insolent, defiant and disrespectful."

Counsel for appellants argues that appellants' silent inaction was protected by the first amendment because it was intended as an expression of their opinions about courts and justice. He cites Tinker v. Des Moines Community School District (1969), 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731. We think, however, that if the court could properly require people to rise in order to facilitate performance of the court's functions, the first amendment would not excuse performance of the requirement.

■ Appellants were spectators, and not parties to proceedings before the court, nor officers of the court. Whatever the case with respect to the latter two groups, we have some doubt about the power of the court to require spectators to perform purely ceremonial or symbolic acts. See West Virginia State Bd. of Educ. v. Barnette (1943), 319 U. S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628. But we conclude that the traditional rising in unison of persons present in a court can reasonably be thought to contribute to the functioning of the court. It is a way of marking the beginning and end of the session, and probably serves to remind all that attention must be concentrated upon the business before the court, the judge's control of the court room must be maintained with as little burden on him as possible, and there must be silence, except as the orderly conduct of business calls for speech. We think a court may require such rising, in the interest of facilitating its functions, although the functional virtue of rising at the close of a session is less readily apparent than at the beginning.

Since the requirement is proper, it follows that it can be enforced. We are inclined to the thought that the requirement is sufficiently related to maintaining order in the actual presence of the court, so that an infraction can be dealt with summarily under Rule 42(a), although we recognize that there is a real question how a refusal to rise should be classified under the test laid down in Harris v. United States (1965), 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240. See also In re McConnell (1962), 370 U.S. 230, 82 S.Ct. 1288, 8 L.Ed.2d 434. We find it unnecessary to decide the question in view of our disposition of this case.

Neither do we reach the question whether appellants were entitled to assistance of counsel at the afternoon proceeding, nor whether they were improperly compelled to be witnesses against themselves.

It is a general principle that contempt power is to be limited to "the least possible power adequate to the end proposed." In re Michael (1945), 326 U.S. 224, 227, 66 S.Ct. 78, 79, 90 L.Ed. 30, 33.

"Appellate courts have here a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed. * * * The answer to those who see in the contempt power a potential instrument of oppression lies in assurance of its careful use and supervision, not in imposition of artificial limitations on the power." Green v. United States (1958), 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672, 690.

The record before us does not indicate that the two individual failures to rise were accompanied by any disturbance or that there were other circumstances by reason of which they tended to cause disorder, disturbance or interruption, except, of course, the brief interruption in other proceedings which occurred when the judge directed that appellants be taken into custody.

■ Our careful evaluation of the record convinces us that due enforcement of the court's requirement that all rise required no more in these particular circumstances than was accomplished by the exclusion of appellants from the court room, and their being held in cus-

tody for four hours and two and one-half hours respectively.

The sentences of confinement contained in the order of contempt appealed from are vacated.