STATE OF CONNECTICUT *v.* JAMES A. PRICE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-57210

Argued January 12—decided February 13, 1970

*John R. Williams,* of New Haven, for the defendant.

*Norman F. Fishbein,* assistant prosecuting attorney, for the state.

JACOBS, J.   On May 27, 1969, the defendant, on a plea of guilty, was found guilty of the crime of tampering with a motor vehicle, a misdemeanor (General Statutes § 1-1), in violation of § 14-145 of the General Statutes.[1]   He was sentenced to pay a fine of $35. The fine was fully and immediately paid. On June 17, 1969, the defendant moved to open the judgment on the ground that, inter alia, his "plea of guilty was involuntary because he did not under-

[1] "Sec. 14-145.   TAMPERING WITH MOTOR VEHICLE.   DAMAGE.   No person shall interfere or tamper with a motor vehicle or put in motion the engine of such vehicle while it is standing, without the permission of the owner, and no person shall, with intent and without right to do so, damage a vehicle or damage or remove any of its parts or components.   Any person who violates any provision of this section shall be fined not less than ten dollars nor more than fifty dollars for a first offense, and, for each subsequent offense, shall be fined not less than fifty dollars nor more than one hundred dollars or imprisoned not more than thirty days or be both fined and imprisoned."

stand the nature of the charge, he did not understand what conduct was proscribed by the statute, he had no idea whether his conduct fell within the prohibitions of the statute . . . , and he had utterly no awareness of the effect of a guilty plea—both in terms of the constitutional rights waived and in terms of the penalties attached thereto." The motion was denied. See *State* v. *Florence,* 23 Conn. Sup. 176, 179, 1 Conn. Cir. Ct. 161, 164. Thereafter, the defendant's motion for leave to file a late appeal was also denied.[2] On November 4, 1969, the defendant filed in the Appellate Division a petition for a writ of error coram nobis in which he prayed that the writ be issued and that the judgment below be vacated on the ground that "[t]his petition is the only available means by which he can seek vindication of his rights under the United States Constitution."

On the question of the availability in this state of the ancient writ of error coram nobis to review criminal convictions, we express no opinion one way or the other. It is sufficient for the purposes of this case to point out that, if we assume such a remedy does exist, the writ must be brought in the trial court. *Greenberg* v. *Harrison,* 143 Conn. 731, 733; *Jeffery* v. *Fitch,* 46 Conn. 601, 604; Stephenson, Conn. Civ. Proc. § 161f, p. 374; 1 Swift, Digest, p. 790. It is not an appellate postconviction remedy. "The court which rendered the judgment has exclusive jurisdiction of a writ of error coram nobis to vacate it. The writ cannot be employed to reverse the judgment of another court . . . ; nor can it be employed in an appellate court to set aside the judgment of an inferior court." 49 C.J.S. 568, Judgments, § 313 (b); *Snodgrass* v. *Snodgrass,* 212 Ala.

---

[2] The trial court was powerless under our established practice to grant the motion for leave to file a late appeal. *State* v. *Brown,* 157 Conn. 398, 401; see *State* v. *Bowling,* 5 Conn. Cir. Ct. 516, 520.

74, 75; *Rowan* v. *Inman,* 207 Tenn. 144, 146; 18 Am. Jur. 2d, Coram Nobis and Allied Statutory Remedies, § 4. Relief by the writ, if available at all, may be availed of only in the court which rendered the judgment under attack. *Booker* v. *Arkansas,* 380 F.2d 240, 244; *People* v. *McCullough,* 300 N.Y. 107, 110, cert. denied, 339 U.S. 924; 2 Tidd's Practice *1191 (2d Am. Ed.).[3]

We next consider whether the fact that the defendant voluntarily and immediately satisfied the sentence by paying the fine precludes an attack on the conviction and sentence. "The traditional view is that the satisfaction of a sentence by the payment of a fine and any costs imposed renders the case moot so as to preclude a direct review of the conviction and sentence." Note, 9 A.L.R.3d 462, 477; *Armstrong* v. *Potter,* 20 Conn. Sup. 101, 106; *State* v. *Henkel,* 23 Conn. Sup. 135, 139, 1 Conn. Cir. Ct. 156, 160; *Butler* v. *District of Columbia,* 200 A.2d 86, 88 (D.C. App.), rev'd on other grounds, 346 F.2d 798 (D.C. Cir.); *State* v. *Morse,* 191 Kan. 328, 330; *Bryan* v. *State,* 78 Nev. 38, 39, cert. denied, 371 U.S. 813; *State* v. *Morris,* 249 S.C. 589, 591; notes, 18 A.L.R. 867, 74 A.L.R. 638. "When the defendant paid the fine in full which had been imposed, there was a complete compliance with the sentence of the court; the questions became moot; the matter was at an end . . . ." *Commonwealth* v. *Kramer,* 162 Pa. Super. 448, 449.[4]

The petition for writ of error coram nobis is denied.

In this opinion KOSICKI and CASALE, Js., concurred.

---

[3] See comment, "Coram Nobis," 4 Idaho L. Rev. 89; note, 24 N.C.L. Rev. 54.

[4] See note, "Cases Moot on Appeal: A Limit on the Judicial Power," 103 U. Pa. L. Rev. 772, 779.