In the Matter of Louise DeNEUEVILLE.

No. 5958.

District of Columbia Court of Appeals.

Argued Nov. 3, 1971.

Decided Jan. 17, 1972.

---

Peter R. Kolker, Washington, D. C., for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

Challenged by this appeal is an order by the trial court on May 3, 1971, adjudging the appellant in contempt for refusing to rise as directed when the judge entered the courtroom.

The facts are not in dispute. On May 3, 1971, an evening session of the trial court was convened for the purpose of disposing of cases arising out of the "May Day" demonstrations. As the judge entered the courtroom, all persons therein were requested to rise. Appellant, who was a spectator, remained seated and, upon inquiry by the judge as to her reasons for not rising, replied that she was a Quaker and that "[i]t's a Quaker tradition that one does not rise for people because of their status." Appellant stated further that "[i]t teaches me to respect all men equally. I don't believe in rising and respecting you because you are a judge."

The court thereupon held her in contempt and imposed as a penalty a fine of $10 or, in the alternative, confinement in jail for two days.[1] The court, however, announced that the fine would be suspended if appellant would promise that, when in the future she was in a courtroom and told to rise, she would do so. Appellant replied that she could not in good faith make such a promise. Appellant then stated that she was unable to pay the fine, whereupon she was taken into custody.

Entered, as it was, May 3, 1971, there was no request for a stay of the operation of the judgment and, on the same day, it was fully executed by payment of the $10 fine and appellant was released from custody.

Reversal of the judgment is urged on first amendment grounds and appellant has framed the issue presented for review as:

Whether it is a violation of the "Free Exercise" clause of the First Amendment to cite a courtroom spectator for criminal contempt when her failure to rise as ordered is based on religious scruples, and when such conduct in no way affects the administration of justice?

Although the question is inextricably tied up with the order adjudging appellant in contempt, the judgment entered on the order has been fully executed and, unless it presently has sufficient force to affect appellant in a prejudicial sense, the question presented is purely academic within the purview of St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943). Put another way, unless there is a possibility that further penalties or legal disabilities can be imposed as a result of the judgment, this court may not render in the abstract an advisory opinion respecting the first amendment implications in the time-honored tradition of requiring persons in a courtroom to rise upon entry of the judge.

1. D.C.Code 1967, § 11–944 (Supp. IV, 1971); Super.Ct.Crim.Rule 42(a).

Because in our opinion this case is clearly moot, we do not reach the constitutional question [2] and, instead, dismiss the appeal on the authority of *St. Pierre, supra.*

Until Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), it was a rule well established since *St. Pierre* and followed in a long unbroken line of decisions that when a judgment of conviction has been fully executed, absent a showing (1) that the person convicted could not have obtained review prior to the execution of the judgment, or (2) that notwithstanding the execution of the judgment, further penalties or legal disabilities can be imposed, the doctrine of mootness was controlling. Jacobs v. New York, 388 U.S. 431, 87 S.Ct. 2098, 18 L.Ed.2d 1294 (1967); Tannenbaum v. New York, 388 U.S. 439, 87 S.Ct. 2107, 18 L.Ed.2d 1300 (1967); Washington v. United States, D.C.App., 213 A.2d 819 (1965); Byrd v. District of Columbia, D.C.App., 201 A.2d 536 (1964); Butler v. District of Columbia, D.C.App., 200 A.2d 86 (1964), rev'd on other grounds, 120 U.S.App.D.C. 317, 346 F.2d 798 (1965); Rosenau v. District of Columbia, D.C.Mun. App., 147 A.2d 445 (1959).

*Sibron* cast some doubt on the continued validity of the doctrine. There the Supreme Court refused to dismiss as moot an appeal following execution of the sentence imposed upon conviction for unlawful possession of heroin. The Court first discussed the two exceptions to the doctrine of mootness recognized in *St. Pierre* and reviewed the cases which followed and expanded the operation of the second exception.[3] The Court then concluded that:

St. Pierre v. United States, *supra*, must be read in light of later cases to mean that a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. That certainly is not the case here. Sibron "has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." [392 U.S. at 57–58, 88 S.Ct. at 1900.] [Citation omitted.]

To the same effect was Brewster v. United States, D.C.App., 271 A.2d 409 (1970), where appellant was found guilty of carrying a concealed weapon without a license and, after execution of his sentence, appealed. This court refused to dismiss as moot the appeal saying that because a second conviction for the offense could result in imprisonment up to ten years, a detrimental consequence must be presumed.

In the instant case, however, unlike in *Sibron* and *Brewster*, under no theory can it be seriously contended that any possibility of further penalties or legal disabilities survived the execution of the judgment of conviction. Certainly appellant could not be impeached with her contempt conviction pursuant to D.C.Code 1967, § 14–305 (Supp. IV, 1971) in any future judicial proceedings because Section 14–305, as amended, limits impeachment to evidence of prior conviction of criminal offenses "punishable by death or imprisonment in excess of one year," or which involved "dishonesty or false statement."

As to appellant being liable to increased punishment in the future as a result of her contempt conviction in the instant case, we note that the "second offender" statute authorizes an increase in a subsequent sen-

2. In United States ex rel. Robson v. Malone, 412 F.2d 848, 850 (7th Cir. 1969), appellants, spectators in a courtroom, refused to rise upon request when the judge entered. Against the contention that their inaction was an expression of opinion protected by the first amendment, it was held that, in the interest of facilitating its functions, a court may properly require persons in the court-room to rise and can properly enforce such requirement.

3. Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

tence of imprisonment or a fine "one and one-half times the maximum term" prescribed for the first offense. Here, however, *no* maximum term of imprisonment or fine is prescribed by the applicable contempt statute. D.C.Code 1967, § 11–944 (Supp. IV, 1971). Moreover, appellant, by the simple expedient of requesting a. stay of the operation of the judgment pending appeal, could have obtained review by this court.[4] The conclusion seems compelled, therefore, that neither of the two exceptions to the doctrine of mootness articulated in *St. Pierre,* even as expanded by *Pollard* and *Sibron,* is controlling. We are persuaded to this view, not only by the basic holding in *St. Pierre* which in our opinion remains undisturbed, but also by the post-*Sibron* decisions in Taylor v. United States, 410 F.2d 392 (5th Cir. 1969); United States v. Bohling, 399 F.2d 305 (6th Cir. 1968); State v. Cahill, 127 Vt. 435, 251 A.2d 497 (1969); and State v. Price, 6 Conn.Cir. 93, 266 A.2d 204 (1970).[5]

In Taylor v. United States, *supra,* which is representative of the post-*Sibron* decisions, an attorney was adjudged in contempt of court when he failed to appear at a scheduled criminal trial and sentenced to pay a fine of $500 or, in lieu thereof, stand committed for a period of five days. The attorney paid the fine and appealed. In dismissing as moot the appeal, the court, pointing out that the sentence was fully executed, said:

> We have no power to decide moot questions and we cannot give advisory opinions which cannot in any way affect the rights of litigants. We therefore do not reach the merits of this controversy. [A] controlling [case is] St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943) . . .. [410 F.2d at 392.] [Other citations omitted.]

· Appeal dismissed.

4. Super.Ct.Crim.Rule 38(a); D.C.App. Rule 8.

5. In United States ex rel. Robson v. Malone, *supra,* note 2, where a similar factual situation was involved, the court

said at 850 of 412 F.2d that "due enforcement of the court's requirement that all rise required no more in these particular circumstances than was accomplished by the exclusion of appellants from the court room . . . ."