CONTINENTAL NATIONAL AMERICAN GROUP *v.*
LEONARD MAJESKE

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE NO. CV 14-725-65698

Argued January 9—decided February 13, 1973

*Leonard Majeske,* pro se, the appellant (defendant).

*Douglas L. Drayton,* of Hartford, for the appellee (plaintiff).

PER CURIAM. In the above-entitled case, a summary judgment was entered against the defendant on October 19, 1972. During the entire proceedings of this action, the defendant, a college instructor, appeared pro se, although advised on several occasions to seek the advice and aid of an attorney.

On October 25, 1972, the defendant filed with the clerk of the court a motion for stay of execution pending appeal. This motion, dated October 20, 1972, and denied on November 2, 1972, is unartfully drafted and appears more of an assignment of errors. On November 8, 1972, the defendant filed an appeal from the judgment rendered on October 19, 1972.

Section 51-265 of the General Statutes provides for the time within which an appeal may be taken from any final judgment or action of the Circuit Court, namely, fourteen days after entry of judgment. Section 778C of the Practice Book further provides that "if within the period of two weeks after the judgment was rendered or the decision was

made any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict . . . , the appeal may be filed within two weeks from the issuance of notice of the decision upon such a motion."

"The right of appeal is purely statutory and is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met." *Howarth* v. *Northcott,* 152 Conn. 460, 462. Section 51-265 of the General Statutes conditions appeals to this court by fixing the time within which an appeal may be taken, namely, fourteen days after entry of judgment or the rendering of a decision relative to certain motions. "The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *United States* v. *Robinson,* 361 U.S. 220, 229; *State* v. *Bowling,* 5 Conn. Cir. Ct. 516, 519.

While we are mindful of our established policy to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, this right must be consistent with the just rights of an adverse party. *Bitonti* v. *Tucker,* 162 Conn. 626, 627. A careful examination of the entire record clearly reveals that the defendant decided to take advantage of the court as the forum to express his personal criticism and castigation not only of his adversary but of opposing counsel, court staff and judiciary. Our court system need not and should not tolerate this conduct whether it be from attorneys or laymen. Common decency as well as respect for the rights of all persons is a duty to be demanded of everyone who uses the public forum.

Since the defendant did not comply with the provisions of § 51-265 of the General Statutes, nor with the provisions of the Practice Book in that a motion

to stay proceedings pending appeal is not such a motion as would make ineffective the judgment, the motion to dismiss is granted.

MISSAL, HAMILL and SPONZO, Js., participated in this decision.