**Todd S. KAPLAN, Mary Ellen Hombs, Robert J. Simpson, Appellants,**

**Mitchell Snyder, et al.**

v.

**Judge John R. HESS, et al.**

No. 82–1080.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1982.

Decided Nov. 30, 1982.

Mark A. Venuti, Washington, D.C., for appellants.

Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before WRIGHT and EDWARDS, Circuit Judges, and BAZELON, Senior Circuit Judge.

Opinion for the Court PER CURIAM.

PER CURIAM:

The appellees in this case, the Honorable John R. Hess and the Honorable Donald S. Smith, are judges of the Superior Court of the District of Columbia.[1] Appellants, Todd S. Kaplan, Mary Ellen Hombs and Robert J. Simpson, claim that appellees "have incarcerated or removed, or threatened to incarcerate or remove, appellants if they do not rise in the courtroom upon the entrance or exit of the judge." Brief for Appellants at 1. Appellants further maintain that they are "people whose religious beliefs preclude them from performing acts of deference to any person or institution but their God." *Id.* Appellants thus allege that the judges' practice of requiring them to rise—on threat of citation for contempt, incarceration, or removal from the courtroom—violates their First Amendment right freely to exercise their religions.

In their complaint in the District Court, appellants sought injunctive and declaratory relief. The District Court, however, dismissed appellants' action, relying on the equitable restraint doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Although the issue is hardly free from doubt, we nevertheless reverse and remand because we conclude that the facts presented on this record did not provide a sufficient basis for the District Court to dismiss on grounds of the *Younger* doctrine.

Because appellants have sought review only of the denial of declaratory relief, our remand is limited to a reconsideration of this single issue. We otherwise affirm the judgment of the District Court dismissing that portion of the complaint which sought injunctive relief. We also make it clear that, in remanding this case, we express no opinion on the merits of the controversy.

## I.

Appellees argue for the first time on appeal that, even if the *Younger* doctrine was

inapplicable, the dismissal should stand because appellants have failed to state a cause of action. We leave resolution of this issue to the District Court. We are reluctant on the record before us to hold that appellants have no cognizable claim. We note that the Supreme Court has recognized causes of action in other contexts where a person has refused to show respect or deference because of his or her religious beliefs. *West Virginia State Board of Education v. Barnette,* 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943) (school children's refusal to salute flag because of religious beliefs); *Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (motorist's refusal to display state motto on license plates because of religious beliefs). Further, the Seventh Circuit has intimated that at least a minimal justification may be required for the rising requirement when confronted with a defendant's or spectator's courtroom refusal to rise for First Amendment reasons. *United States ex rel. Robson v. Malone,* 412 F.2d 848, 850 (7th Cir.1969); *see In re Chase,* 468 F.2d 128, 131–34 (7th Cir. 1972). The Fourth Circuit, moreover, has expressed doubt that the "failure to rise per se, whether stemming from religious belief, conscience or symbolic protest, can be punished as 'misbehavior' within the meaning of . . . [the federal contempt statute] without violating the Constitution." *United States v. Snider,* 502 F.2d 645, 659 (4th Cir.1974).

In light of these precedents, we cannot say with assurance, on this sparse record, that appellants have failed to state a cause of action.

## II.

■ The District Court, citing *Younger v. Harris* as the controlling precedent, dismissed this action on grounds of comity and abstention. *Kaplan v. Hess,* No. 81–2644

---

1. The original complaint also cited Judge Bruce S. Mencher. Appellees claim, however, that "Carol Fennelly, the only plaintiff who had made allegations involving Judge Mencher

(amended complaint, ¶ 9) has acquiesced in dismissal of the complaint by not joining this appeal." Brief for the District of Columbia at 3 n. 3.

(D.D.C. Dec. 23, 1981).[2] Relying on *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), the District Court found that the lack of pending local proceedings was not dispositive in the present case because any order it might issue would interfere with local court proceedings. In *O'Shea,* petitioners sought damages and injunctive relief against a county judge and magistrate who allegedly engaged in discriminatory bond setting, sentencing, and jury fee practices under a variety of statutes. The Court in *O'Shea* emphasized, however, that petitioners did "not seek to strike down a single state statute, either on its face or as applied" or "to enjoin any criminal prosecutions that might be brought under a challenged . . . law." Rather, they sought "an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials." *Id.* at 500, 94 S.Ct. at 678. This the Court could not countenance, characterizing the relief sought as "nothing less than an ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that *Younger* . . . and related cases sought to prevent." *Id.*

To our knowledge, the *O'Shea* rule has never been extended to declaratory judgment actions.[3] As the Court noted in *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), when "no state prosecution is pending and the only question is whether declaratory relief is appropriate[,] . . . the congressional scheme that makes the federal courts the primary guardians of constitutional rights, and the express con-

gressional authorization of declaratory relief, afforded because it is a less harsh and abrasive remedy than the injunction, become the factors of primary significance." *Id.* at 463, 94 S.Ct. at 1218 (quoting *Perez v. Ledesma,* 401 U.S. 82, 104, 91 S.Ct. 674, 686, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring in part and dissenting in part)). On the record before us, we are unwilling to make an exception to this general principle. However, on remand, should the District Court find declaratory relief to be appropriate, it should take into consideration the possible intrusive consequences in fashioning its judgment.

### III.

At least as the record now stands, we are inclined to think that this action is governed by the principles enunciated in *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).[4] With a state prosecution threatened but not yet pending, the petitioner in *Steffel* filed an action in federal district court requesting, *inter alia,* a declaratory judgment that a state criminal trespass statute as applied to him violated his First and Fourteenth Amendment rights. The Supreme Court held that the *Younger* doctrine was inapplicable because the "principles of equity, comity, and federalism 'have little force in the absence of a pending state proceeding.'" *Id.* at 462, 94 S.Ct. at 1217 (quoting *Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 509, 92 S.Ct. 1749, 1757, 32 L.Ed.2d 257 (1972)). With respect to declaratory relief, the Court stated:

---

2. *Younger* holds that a federal court may not generally enjoin an ongoing state criminal prosecution begun prior to the institution of the federal action.

   In a companion case, the Supreme Court extended the *Younger* equitable restraint doctrine to include requests for declaratory relief when a state criminal proceeding was pending. *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

   This court assumes, without deciding, that the courts of the District of Columbia merit the same deference as state courts. This remains an open question. *See Pernell v. Southall Realty,* 416 U.S. 363, 368 n. 4, 94 S.Ct. 1723, 1726 n.

4, 40 L.Ed.2d 198 (1974); *Campbell v. McGruder,* 580 F.2d 521, 525 (D.C.Cir.1978); *see also United States Jaycees v. Superior Court,* 491 F.Supp. 579, 581–82 (D.D.C.1980); *Association of Court Reporters v. Superior Court,* 424 F.Supp. 90, 95–96 (D.D.C.1976).

3. Indeed, even if petitioners here were seeking an injunction, it is not clear that this is the kind of case that would be governed by *O'Shea.*

4. We would stress that nothing in this opinion is intended to suggest that *Steffel* constitutes a rejection of the *O'Shea* principle in the context of declaratory judgments.

When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice system; nor can federal intervention, in that circumstance, be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles. In addition, while a pending state prosecution provides the federal plaintiff with a concrete opportunity to vindicate his constitutional rights, a refusal on the part of the federal courts to intervene when no state proceeding is pending may place the hapless plaintiff between the Scylla of intentionally flouting state law and the Charybdis of forgoing what he believes to be constitutionally protected activity in order to avoid becoming enmeshed in a criminal proceeding.

*Id.*

In the instant case, as in *Steffel,* no proceedings were pending in the local courts at the time appellants brought suit in the District Court. When appellants filed suit, moreover, they faced an ongoing threat of prosecution in the form of citation for contempt of court. *Kaplan v. Hess,* No. 81–2644, mem. op. at 1 (D.D.C. Dec. 23, 1981). Unless the Superior Court judges have changed their practice, all appellants continue to risk contempt citations, removal from the courtroom, or reprimand for refusing to rise. As a result, appellants may face the "Scylla of intentionally flouting state ... [practice] and the Charybdis of forgoing what [they] believe[ ] to be constitutionally protected activity." *Steffel v. Thompson,* 415 U.S. at 462, 94 S.Ct. at 1217. In addition, like the petitioner in *Steffel,* appellants request only declaratory relief. Also, like the petitioner in *Steffel,* who challenged only one statute as applied to him, appellants here challenge only one practice—that of rising—as applied to them. They do not, as did petitioners in *O'Shea,* challenge discretionary practices arising from a number of statutes.

Finally, we note that appellant Kaplan, who was cited for contempt, has no possibility of appeal to the D.C. Court of Appeals. He has served his sentence and his case is moot. *In re DeNeueville,* 286 A.2d 225 (D.C.App.1972); *see also Holley v. United States,* 442 A.2d 106 (D.C.App.1981) (appeal of revocation of prisoner's work-release privilege moot because prisoner had served sentence).

### IV.

As stated above, this court expresses no view concerning the merits of appellants' claim. On remand, however, the District Court should address the considerations set forth below.

(1) Before reaching the merits, the court should ascertain whether appellants continue to face a genuine threat of prosecution or sanction. *Ellis v. Dyson,* 421 U.S. 426, 433–35, 95 S.Ct. 1691, 1695–96, 44 L.Ed.2d 214 (1975); *Steffel v. Thompson,* 415 U.S. at 458–60, 94 S.Ct. at 1215–16. If appellee judges have changed their practice, or if any of the appellants have abandoned their claim or face no serious threat of prosecution or sanction, then the requisite Article III case or controversy may no longer be present.

(2) It is well established that the court may not inquire into the worthiness of appellants' religious beliefs to ascertain whether they merit First Amendment protection. *United States v. Ballard,* 322 U.S. 78, 86–88, 64 S.Ct. 882, 886–87, 88 L.Ed. 1148 (1944). The District Court need only consider whether appellants' beliefs are "religious" in their "own scheme of things" and whether their beliefs are sincere. *United States v. Seeger,* 380 U.S. 163, 185, 85 S.Ct. 850, 863, 13 L.Ed.2d 733 (1965) (exemption under Universal Military Training and Service Act of conscientious objectors not belonging to orthodox religious sect); *see also Wisconsin v. Yoder,* 406 U.S. 205, 215, 92 S.Ct. 1526, 1533, 32 L.Ed.2d 15 (1972) (court must be careful to determine whether religious faith and practices are inseparable and interdependent).

(3) If the District Court finds that appellants' belief that they cannot rise falls within the ambit of the Free Exercise Clause, it

should evaluate whether the rising requirement "imposes any burden on the free exercise of appellant[s'] religion," *Sherbert v. Verner*, 374 U.S. 398, 403, 83 S.Ct. 1790, 1794, 10 L.Ed.2d 965 (1963),[5] and whether the judiciary presents an "interest of sufficient magnitude to override the interest claiming protection ...." *Wisconsin v. Yoder*, 406 U.S. at 214, 92 S.Ct. at 1532.

(4) In determining whether the accommodation of appellants' beliefs will interfere with a significant judicial interest in this case, the court may examine whether the judiciary's interest is significant enough to warrant the practice of rising. *Compare United States v. Snider*, 502 F.2d at 659 (dicta that rising requirement is not essential to functioning of court) *with United States ex rel. Robson v. Malone*, 412 F.2d at 850 (district court may require rising). If the judiciary's interest warrants the rising requirement, then the District Court may consider whether a Superior Court judge may constitutionally impose the sanction of contempt under D.C.CODE ANN. § 11–944 (1981).[6] *Compare In re Chase*, 468 F.2d at

132 (defendant cited for contempt when failure to rise was accompanied by obstruction) *with United States ex rel. Robson v. Malone*, 412 F.2d at 850 (contempt power is to be limited to the least possible power adequate to the end proposed).[7]

(5) In circumstances similar to the present case, the Supreme Court has held that exhaustion of state judicial remedies is not required. *Wooley v. Maynard*, 430 U.S. at 711, 97 S.Ct. at 1433; *Steffel v. Thompson*, 415 U.S. at 472–73, 94 S.Ct. at 1222. However, appellant Kaplan's contempt citation was not appealed and is thus *res judicata* with respect to his disobedience. Therefore, in the event that the District Court should find merit to appellants' claims, it should carefully fashion declaratory relief so that it is wholly prospective in nature and is in no way "designed to annul the results of [the] state trial." *Wooley v. Maynard*, 430 U.S. at 711, 97 S.Ct. at 1433 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975)).

5. On the record before us, we are unable to ascertain whether an announcement on the entrance and exit of a judge, without more, constitutes more than a *de minimis* burden on appellants' conduct.

6. D.C.CODE ANN § 11–944 (1981) provides: "In addition to the powers conferred by section 402 of title 18, United States Code [contempts constituting crimes and not in presence of court], the Superior Court, or a judge thereof, may punish ... for contempt committed in the presence of the court."

The contempt power of federal district judges is set forth as follows: "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice ...." 18 U.S.C. § 401 (1976).

7. In *Malone*, the court concluded that

the traditional rising in unison of persons present in a court can reasonably be thought to contribute to the functioning of the court. It is a way of marking the beginning and end of the session, and probably serves to remind all that attention must be concentrated upon the business before the court, the judge's control of the court room must be maintained with as little burden on him as possible, and

there must be silence, except as the orderly conduct of business calls for speech. We think a court may require such rising, in the interest of facilitating its functions, although the functional virtue of rising at the close of a session is less readily apparent than at the beginning.

Since the requirement is proper, it follows that it can be enforced.

412 F.2d at 850. However, the court vacated the sentences of confinement contained in the order of contempt:

The record before us does not indicate that the two individual failures to rise were accompanied by any disturbance or that there were other circumstances by reason of which they tended to cause disorder, disturbance or interruption, except, of course, the brief interruption in other proceedings which occurred when the judge directed that appellants be taken into custody.

Our careful evaluation of the record convinces us that due enforcement of the court's requirement that all rise required no more in these particular circumstances than was accomplished by the exclusion of appellants from the court room, and their being held in custody for four hours and two and one-half hours respectively.

*Id.* at 850–51.

## V.

On the basis of the foregoing, the judgment of the District Court is affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion.

*So ordered.*