The People of the State of Illinois, Defendant in Error, v. John S. McDonald, Plaintiff in Error.

Gen. No. 49,587.

First District, Third Division.

July 21, 1964.

R. Eugene Pincham and Charles B. Evins, both of Chicago, for plaintiff in error.

No briefs filed for defendant in error.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

In a nonjury trial the defendant John S. McDonald was found guilty of the unlawful possession of narcotic drugs and was sentenced to the penitentiary for a term of three to six years.

On the morning of May 7, 1963, McDonald and his wife were occupying a room in the Ritz Hotel, Chicago. They had registered the previous evening and, after being admitted to their room, locked the door and retired for the night. They were awakened in the morning by two men who entered their room and identified themselves as police officers. According to McDonald the men came into the room alone and told

him that they had obtained the key from the desk clerk; according to the officers the clerk came upstairs with them and unlocked the door. The officers made a thorough search of the room and its contents. In the defendant's trousers they found packets which contained a white, powdered substance. They field-tested the substance and took McDonald into custody. Subsequent laboratory tests on two of the packets revealed their contents to be heroin.

Before the trial the defense moved to suppress the evidence on the ground that it had been obtained by means of an unreasonable search and seizure. The motion was denied and the case proceeded to trial. The only evidence presented by the State was the packets of heroin and the testimony of one of the arresting officers as to how the packets had been obtained. McDonald testified in his own behalf.

It is clear from the record before us that the evidence against McDonald was unlawfully obtained. The officers had no search warrant and no reason for believing that McDonald had committed a crime or was doing so at the time they entered the room. The evidence should have been suppressed and the conviction based upon it must be reversed. People v. Bankhead, 27 Ill2d 18, 187 NE2d 705. The State's Attorney of Cook County is of the same opinion. He appeared before this court at oral argument and admitted that the denial of the motion to suppress was error.

Judgment reversed.

SCHWARTZ, P. J. and SULLIVAN, J., concur.