## State of Vermont v. Peter Delaire

[ 252 A.2d 531 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Larrow, Supr. J.

Opinion Filed April 8, 1969

*Joseph C. Palmisano, State's Attorney,* for the State.

*Monte & Monte* for the Defendant.

**Barney, J.** This is a speeding case. The offense was detected by radar, and the information charged the respondent with operating an automobile on Route 100, in Waterbury Center, "at a rate of speed in excess of the legal rate, 40 miles per hour" contrary to statute, and against the peace and dignity of the State. The jury convicted, the court denied his motion in arrest of judgment, and he has appealed.

He first challenges the information bringing the charge as insufficient. The speed limit involved, 40 miles an hour, was a special one. Although it was not a local ordinance, but a state limit, it was one requiring establishment at less than 50 miles per hour under the authority of 23 V.S.A. §1141, which reads:

Outside the limits of a city or incorporated village, the maximum rate of speed on all public streets and highways, except the national system of interstate and defense highways, for a motor vehicle shall be fifty miles per hour. However, when a traffic committee composed of the commissioner of highways and the commissioner of public safety and the commissioner of motor vehicles shall determine, upon the bais of an engineering and traffic investigation, that the maximum speed limit of fifty miles per hour outside the limits of a city or incorporated village, is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of a highway, except the national system of interstate and defense highways, the committee may determine and declare a reasonable and safe speed limit thereat and may alter or change existing speed limits and which shall, thereafter, be effective at all times when signs in such form as the traffic committee shall designate giving notice thereof are

erected by the department of highways at such intersection, or other place or part of the highways. Outside the limits of a city or incorporated village, no signs changing a speed limit shall be effective on the state highways, except the national system of interstate and defense highways, unless approved by the traffic committee.

As can be seen from the statutory language, the speed limit charged to have been violated here must derive from action by the traffic committee and, to be effective, requires the appropriate posting of signs. These are the kinds of circumstances which call for the special pleading referred to in *State* v. *Snyder,* 123 Vt. 367, 368, 189 A.2d 535. The matter is definitely restated in *State* v. *Baril,* 127 Vt. 394, 250 A.2d 732:

A criminal complaint based on §1141, which alleges a rate of speed less than the maximum rate provided in that section, must specify the restricted area and the applicable speed limit as regulated by the traffic committee.

The respondent's motion in arrest of judgment raised the shortcoming. This was a proper procedural device and the motion should have been granted. Since the defect can be cured by appropriate amendment, we will remand to that end. *State* v. *Gosselin,* 110 Vt. 361, 366, 6 A.2d 14.

The respondent has raised other issues, some of which may recur in a new trial, if held. Comment by this Court, although not determinative, may be helpful. *State* v. *Anderson,* 119 Vt. 355, 361-362, 125 A.2d 827.

The radar data was objected to on the ground that it represented illegally obtained evidence. This claim rested on an alleged failure to comply with a Federal regulation regarding attachment of the license to the unit. The respondent mistakes connotation of "illegally obtained" with respect to the rights of the accused. Illegally obtained evidence in that context is evidence obtained in violation of some constitutional right personal to the respondent. See *State* v. *Ball,* 123 Vt. 26, 28-29, 179 A.2d 466. Misplacing the license no more affects admissibility with respect to the respondent's constitutional rights than would the admissibility of a pursuing officer's testimony be affected by his inadvertent failure to set his brakes in accordance with 23 V.S.A. §1104 on coming to a halt when arresting a speeding motorist.

■ Again with respect to the radar evidence, the respondent alleges that the manual provided by the state was inadequate for purposes of his cross-examination of the operator of the machine. The respondent claims a prejudicial suppression of evidence in that the state was unable to produce, on demand, at the trial, the correct operator's manual, manufacturer's specifications and technical data relating to the radar device. This is certainly an extreme view of the matter, and would not appear warranted by the state of the evidence in the case tried. This is an issue that very likely will not arise in the same form on a retrial. Moreover, the general requirements for admissibility of this kind of scientific evidence have recently been alluded to in *State v. Cahill,* 127 Vt. 435, 251 A.2d 497. In any event, it is for the trial court, in the first instance, to rule on admissibility.

■ The last point made by the respondent relates to the jury panel. He complains that an entire class, to which he belongs, was systematically excluded from the venire. His complaint relates to age. His allegation of systematic exclusion, assuming it has any validity, is supported only by argument that, at best, asserts a sort of accidental or inadvertent exclusion, relating to younger jurors. The question is not even open, without an evidentiary showing, with an appropriate record, that the issue exists. *Vt. Box Co.* v. *Hanks,* 92 Vt. 92, 96, 102 A.2d 91.

*Judgment reversed and cause remanded.*