(No. 41872.—)

THE CITY OF DECATUR, Appellee, *vs.* EDWARD H. KUSH-
MER, Appellant.

*Opinion filed November 26, 1969.*

Paul H. Ferguson, of Decatur, for appellant.

Kirtley E. Wilson, of Decatur, for appellee.

Mr. Justice Ward delivered the opinion of the court:

The appellant, Edward Kushmer, was found guilty by a jury in the circuit court of Macon County of violating section 24 of chapter 47 of the Municipal Code of the City of Decatur, fined $200, and ordered to pay the costs of the proceeding. He has appealed directly to this court claiming constitutional violations.

The legislature has delegated to municipalities the power to "define, prevent and abate nuisances" (Ill. Rev. Stat. 1967, ch. 24, par. 11—60—2) and to make regulations which may be "necessary or expedient" to promote health and suppress disease. Ill. Rev. Stat. 1967, ch. 24, par. 11—20—5.

Section 24 of chapter 47 of the appellee's Municipal Code provides: "The storing or placing of ashes, refuse, old bricks, concrete, branches, brush, trash, or the storing or

placing of any materials which may harbor rats, in any residential zone of the City as defined in the Zoning Regulations of the City of Decatur, Illinois is hereby declared to be a nuisance."

The appellant complains that the ordinance is unconstitutionally vague, arbitrary, indefinite and incomplete, for, he asserts, it is a matter of pure conjecture as to when there is a condition existing "which may harbor rats." He claims also that the ordinance leaves to a municipal officer, without establishing standards for his conduct, the defining of a "harbor" for rats, thereby making an unlawful delegation of legislative authority to an executive officer.

An enactment will be considered adequately definite and complete if it prescribes the duty imposed in terms definite enough to serve as a guide to one who has the involved duty imposed upon him so that he is enabled by reading the enactment to know his rights and obligations thereunder. (*Vallat* v. *Radium Dial Co.*, 360 Ill. 407, 412, 413; *People ex rel. Duffy* v. *Hurley*, 402 Ill. 562, 567; *People* v. *Robinson*, 372 Ill. 503, 506.) It is sufficient if the language used "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." (*United States* v. *Petrillo*, 332 U.S. 1, 8, 91 L. Ed. 1877, 1883, 67 S. Ct. 1538; *City of Chicago* v. *Lawrence*, 42 Ill.2d 461.) That there may be marginal cases in which it is difficult to determine, under a particular fact situation, whether conduct is within an enactment is not reason to hold that the language of the law is too ambiguous to define the duties and conditions involved. 332 U.S. at 7, 91 L. Ed. at 1883; *Jaffe* v. *Cruttenden*, 412 Ill. 606, 611.

We judge that the language of the ordinance does sufficiently enable one, who is to be bound by it, to understand his rights and obligations. The critical language of the ordinance may not admirably express the intent of the appellee but we believe it adequately communicates that a storing of materials in such a way as would provide a harbor or habitat

for rats constitutes a nuisance. A person of common intelligence and experience could distinguish without difficulty between a storing which would invite an occupation by rats and ones which would not, such as a storing in metal receptacles or a temporary depositing of ashes after removal from a furnace. The nuisance concerned does not readily permit precise definition and we believe the ordinance does describe it with reasonable certainty.

Relatedly the appellant argues that the ordinance is invalid because it declares that to be a nuisance which is not a nuisance in fact. The portion of the ordinance so challenged reads: "the storing * * * of any materials which may harbor rats, in any residential zone * * * is hereby declared to be a nuisance." However, this court's declaration in *Dube* v. *City of Chicago,* 7 Ill.2d 313, is dispositive of this argument: "While a city under its general power to define and abate nuisances has no power to declare that a nuisance which is not a nuisance in fact, [citations], its power to enact regulations to prevent the endangering or impairment of public health is not limited to the regulation of such things as have already become nuisances or have been declared to be such by the judgment of a court, but where an act or thing is of such nature that it may become a nuisance, or may be injurious to the public health if not suppressed or regulated, it may be regulated though never injurious in the past and the legislation will be held valid though it may operate to deprive or limit property rights once it is shown that its exercise is proper and the method of its exercise within the meaning of due process. [Citations.]" 7 Ill.2d at 325.

The further argument that the ordinance objectionably delegates legislative authority to an officer of the executive branch is invalid. While of course it is contemplated that complaints will be made by an inspecting officer, the question as to whether there was in fact a nuisance under the terms of the ordinance is to be determined, not by the officer, but

by a court or jury as the trier of fact. This is not a case of an ordinance's conferring an unregulated discretionary power on an administrative officer. See *Mister Softee of Illinois, Inc.* v. *City of Chicago,* 42 Ill. App. 2d 414, 420, 421.

The appellant next contends that officials of the appellee unlawfully invaded his land without a search warrant and without his consent, and that their testimony as to what they saw, as well as the photographs then taken, should have been suppressed as the product of an unconstitutional search.

The land in question is a large unenclosed yard adjacent to the appellant's house. The appellant had accumulated on the land a number of automobiles and at least four truckloads of auto parts, iron, metal drums and barrels, old tires, twigs, lumber and miscellaneous junk. The appellee's photographs disclose that these materials were scattered about the yard. The condition of the premises could be observed from the street, sidewalk and particularly from the alley abutting the rear of the property.

The activities by the appellee's agents did not constitute a search. "A search implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open to view. A search implies an invasion and quest with some sort sort of force, either actual or constructive." (*People* v. *Marvin,* 358 Ill. 426, 428; *People* v. *McCracken,* 30 Ill.2d 425, 429; *People* v. *Davis,* 33 Ill.2d 134, 138.) The condition of the area was exposed to public view and plainly visible from beyond the premises. The officials in entering upon the land merely viewed and photographed a condition already observed by them from public areas. There was no probing into private places and no violation of the appellant's privacy or his home. (See *Hester* v. *United States,* 265 U.S. 57, 59, 68 L. Ed. 898, 900, 44 S. Ct. 445; *Janney* v. *United States* (4th cir.), 206 F.2d 601, 604; *Martin* v. *United States* (5th cir.), 155 F.2d 503, 505.) Further, the fact that the officials may have trespassed

by entering the land would not, of itself, transform their viewing into an unreasonable search. (See *Hester* v. *United States,* 265 U.S. 57, 58, 68 L. Ed. 898, 900; *Janney* v. *United States,* 206 F.2d 601, 604; *United States* v. *Romano* (2d cir.), 330 F.2d 566, 569; *cf. People* v. *Grundeis,* 413 Ill. 145.) Under the circumstances here we find no infringement of the appellant's constitutional assurance against unreasonable searches and seizures.

The appellant for the first time now alleges that he was denied due process of law because of the fact that his trial was conducted by a magistrate who was not a lawyer. His pretrial and post-trial motions in the trial court generally questioned the propriety of his being tried by any magistrate but made no reference to nonlawyer magistrates. This general objection to magistrates has been abandoned on appeal in favor of the specific objection. Because of the interest of the question we shall consider it without determining whether the appellant has waived his right to offer the argument on appeal.

In the absence of constitutional or statutory requirement, one need not be an attorney to be eligible to serve as a judge (30A Am. Jur., Judges, sec. 11; 48 C.J.S. Judges, sec. 14), and this would appear to apply with even greater force to service as a magistrate. Our constitution requires judges to be attorneys but there is no requirement that a magistrate be an attorney, though the legislature, under the constitution, is authorized to set qualifications for service as a magistrate. (See Ill. Const. art. VI, sec. 12, and comments thereunder; compare Ill. Const. art. VI, sec. 15.) The legislature, while providing generally that magistrates shall be lawyers, has subjected this rule to exceptions in certain specified circumstances (See, Ill. Rev. Stat. 1967, ch. 37, par. 160.3), and a proceeding of the character concerned here is among those matters which may be assigned to magistrates who are not attorneys. (Ill. Rev. Stat. 1967, ch. 37, par. 626(b); see also, Ill. Rev. Stat. 1967, ch. 37, par. 624(a).) The appellant

has not cited any authority in support of his position. His generalized argument must be rejected.

Finally, the appellant urges that the verdict of the jury was contrary to the manifest weight of the evidence and should be set aside.

At trial, the City presented in evidence photographs showing the condition, as we described it, of the appellant's property on March 7, 1968, the date charged in the complaint. The superintendent of the appellee's inspection division, a police officer and the owner of a pest control company, all of whom had examined the premises, testified that the photographs accurately portrayed the condition of the premises on March 7 and 22, 1968. Further, the owner of the pest control company testified that in his opinion the premises constituted a rat harbor on the date in question.

The evidence offered by the appellant included testimony that the appellee's photographs did not correctly portray the condition of the premises. Also included was testimony by an exterminator that the premises had never been a rat harbor. This witness had been employed by the appellant to secure the premises from pests.

It was the province of the jury to weigh testimony, judge the credibility of witnesses, and resolve contested questions of fact. It is our opinion that there was sufficient evidence here to support the verdict of guilty.

Accordingly, the judgment of the circuit court of Macon County is affirmed.

*Judgment affirmed.*