182 N.J. Super. 297 (1982)
440 A.2d 1155
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TOMAS ROMAN, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 23, 1981.
Decided January 7, 1982.
Before Judges MICHELS, McELROY and J.H. COLEMAN.
Stanley C. Van Ness, Public Defender, for defendant (David L. Kervick, Assistant Deputy Public Defender, of counsel and on the letter brief).
*298 James R. Zazzali, Attorney General of New Jersey, for respondent (Alan A. Sant'Angelo, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Following a lengthy jury trial defendant Tomas Roman was found guilty of rape (N.J.S.A. 2A:138-1), committing the rape while armed (N.J.S.A. 2A:138-1 and N.J.S.A. 2A:151-5), atrocious assault and battery (N.J.S.A. 2A:90-1), committing the atrocious assault and battery while armed (N.J.S.A. 2A:90-1 and N.J.S.A. 2A:151-5), assault with intent to rape (N.J.S.A. 2A:90-2), committing the assault with intent to rape while armed (N.J.S.A. 2A:90-2 and N.J.S.A. 2A:151-5), assault with an offensive weapon (N.J.S.A. 2A:90-3), possession of a dangerous weapon, to wit, a dangerous knife (N.J.S.A. 2A:151-41), and possession of a dangerous weapon, to wit, a knife, with intent to use the same unlawfully against another person (N.J.S.A. 2A:151-56). The trial judge merged all convictions into the convictions for rape and committing the rape while armed and sentenced defendant to State Prison for a term of five to ten years for rape and to a concurrent term of three to five years for committing the rape while armed. He appeals.
Defendant seeks a reversal of his convictions, or alternatively, a modification of his sentences on the following grounds set forth in his letter brief:
POINT I THE COURT IMPROPERLY HEARD TESTIMONY DURING THE MOTION TO SUPPRESS REGARDING THE ISSUE OF CONSENT.
POINT II THE MOTION TO SUPPRESS EVIDENCE SHOULD HAVE BEEN GRANTED SINCE THE STATE FAILED TO PROVE THAT THE ALLEGED CONSENT WAS INFORMED AND VOLUNTARILY GIVEN.
POINT III IT WAS ERROR TO ADMIT TESTIMONY THAT A KEY FOUND AT THE SCENE OPERATED A CAR DRIVEN BY DEFENDANT. (NOT RAISED BELOW)
POINT IV THE SENTENCE IMPOSED WAS EXCESSIVE, UNDULY PUNITIVE AND AN ABUSE OF THE COURT'S DISCRETION.
We have considered carefully these contentions and all of the arguments advanced by defendant in support of them and find that they are clearly without merit. R. 2:11-3(e)(2).
*299 We simply emphasize that the trial judge properly denied defendant's motion to suppress evidence. Defendant claims that the knowledge concerning his identity obtained as a result of the police officers inserting the keys found in the rape victim's car into the locks on (1) the door of his house and (2) the ignition of his car constituted an unconstitutional search and seizure and that the identification evidence obtained thereby should be suppressed as the fruit of an illegal police search. We disagree. All that the police did in this case was to insert the keys found in the victim's car into the locks of a door on defendant's home and the ignition of his car and turn the tumblers. In our view, this did not constitute a search. No constitutional right personal to defendant was violated by this police conduct. In People v. Carroll, 12 Ill. App.3d 869, 299 N.E.2d 134 (App.Ct. 1973), cert. den. 417 U.S. 972, 94 S.Ct. 3180, 41 L.Ed.2d 1144 (1974), the Illinois court rejected a similar argument on a motion to suppress evidence, stating:
A "search" is a probing or exploration for something that is concealed or hidden from the searcher. A "seizure" is a forcible or secretive dispossession of something against the will of the possessor-owner, both terms connoting hostility between the searcher and the person whose property or possessions are being searched or sought. (United States v. Haden (7 Cir.1968), 397 F.2d 460, cert. denied 396 U.S. 1027, 90 S.Ct. 574, 24 L.Ed.2d 523; People v. Holt, 7 Ill. App.3d 646, 288 N.E.2d 245; 79 C.J.S. Searches and Seizures § 1). A search is an invasion, a quest with some sort of force, either actual or constructive. (People v. Marvin, 358 Ill. 426, 428, 193 N.E. 202; People v. Woods, 26 Ill.2d 557, 188 N.E.2d 1; City of Decatur v. Kushmer, 43 Ill.2d 334, 253 N.E.2d 425). In contrast, the obtaining of information or evidence by officers who are where they have a right to be, with a legitimate reason, is not a search. See United States v. Graham (6 Cir.1968), 391 F.2d 439; United States v. Johnson (5 Cir.1969), 413 F.2d 1396; United States v. Gunn (5 Cir. 1970), 428 F.2d 1057; United States v. Williams (5 Cir.1970), 434 F.2d 681.
The record discloses that the key in Officer Tillrock's possession was found in a jacket at the scene of the crime. Therefore, Tillrock's possession of the key was lawful. The door in question was accessible from a common hallway on the ground floor of the building. A police officer who is in the common hallway of a building is not in a constitutionally protected area. See City of Evanston v. Hopkins, 330 Ill. App. 337, 71 N.E.2d 209 (abstr.); People v. Varnadoe, 54 Ill. App.2d 443, 203 N.E.2d 781. All that Tillrock did was insert the key into the lock and turn the tumbler. Then, without any intrusion or trespassory conduct, he rang the bell that was answered by two persons, one of them defendant's sister. This was not a search. See Muegel v. State (1971), Ind., 272 N.E.2d 617; compare *300 State v. Turner (1966), 101 Ariz. 85, 416 P.2d 409. Nor can it be said that the evidence obtained was the "fruit" of illegal activity. Illegal activity, in this context, means activity that violates some constitutional right personal to a defendant. (State v. Delaire (1969), 127 Vt. 462, 252 A.2d 531). No constitutional right, personal to the defendant, was violated when Officer Tillrock merely inserted the key and learned that the tumbler could be turned by it. It would have been a different case had the key been obtained in violation of some constitutional right of the defendant. See People v. McDonald, 51 Ill. App.2d 316, 200 N.E.2d 369. Certainly, it would have been a different case if, while defendant was in custody, the two officers, using the key, had entered his apartment and searched it. See People v. Grod, 385 Ill. 584, 53 N.E.2d 591; People v. Kalpak, 10 Ill.2d 441, 140 N.E.2d 726. Nothing like this was done here. Of course, the mere fact that a police officer has lawful possession of a citizen's key does not confer an unlimited license to use it. However, the legitimate interests of proper crime investigation allow what was done in this case. Therefore, the trial court did not commit error when it denied defendant's motion to suppress evidence. [299 N.E.2d at 139-140].
Contra, United States v. Portillo-Reyes, 529 F.2d 844 (9 Cir.1975), cert. den. 429 U.S. 899, 97 S.Ct. 267, 50 L.Ed.2d 185 (1976).
Affirmed.