**Jonis Rome "Mack" COLE, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 18, 1993.

Permission to Appeal Denied by Supreme Court June 7, 1993.

Charles R. Ray, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Kimbra R. Spann, Asst. Atty. Gen., and D. Paul DeWitt, Asst. Dist. Atty. Gen., Nashville, for the State.

## OPINION

WADE, Judge.

The defendant, Jonis Rome "Mack" Cole, was convicted of first degree murder and sentenced to life imprisonment. This court affirmed the conviction. *State v. Jonis Rome Cole*, No. 88–311–III, 1989 WL 134724 (Tenn.Crim.App., Nashville, November 7, 1989). Our court held that one of the issues had been waived:

> The record shows the appellant filed a motion to suppress evidence regarding a key to the door of an apartment, evidence was heard on the motion and the motion was denied. However, there is no transcript of the evidence in the record. Consequently, this issue cannot be considered on appeal.

(Citations omitted.) Application for permission to appeal to the Supreme Court was denied March 5, 1990. Thereafter, the defendant filed a petition for post-conviction relief alleging numerous grounds including denial of due process for failure to include the transcript of the motion to suppress in the appellate record. By agreed order, the trial court granted a delayed appeal on the single issue of whether the motion to suppress was properly denied. Tenn. Code Ann. § 40–30–120. All other issues were dismissed.

We find that the trial court properly denied the motion to suppress. The judgment is, therefore, affirmed.

On July 19, 1986, the victim, James Moore, was killed by a shotgun blast to the back. A key was found at the scene of the murder. Acting upon information that a key might fit a door lock at an apartment building, officers successfully unlocked the door at 542 Townsend Drive. Sandra Sims resided in the apartment. The defendant stayed there two to three nights a week and kept several of his personal belongings there. The evidence was used at trial to help convict the defendant.

The defendant argues that the officers' use of the key constituted an illegal search. U.S. Const. amend. IV; Tenn.Const. art. I, § 7. The state argues that the defendant had no reasonable expectation of privacy in the lock and that, in consequence, there was no search when the officers inserted the key.

Although there are no Tennessee cases directly on point, the trial court cited several decisions from other states. In *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the Supreme Court held that the fourth amendment protected people, not places, and that areas exposed to the public are not subject to constitutional protections. 389 U.S. at 351, 88 S.Ct. at 511. In *State v. Roman*, 182 N.J.Super. 297, 440 A.2d 1155 (1982), officers were found not to have made a search by using a key found in the victim's car to determine whether it fit the lock at the defendant's residence. 440 A.2d at 1156. In *People v. Trull*, 64 Ill.App.3d 385, 20 Ill.Dec. 960, 380 N.E.2d 1169 (1978), it was also held that the insertion of a key into a lock to determine whether it fit was not a search. The court reasoned that the exterior lock was not concealed and the actions of the officers were merely investigative functions. 20 Ill.Dec. at 963, 380 N.E.2d at 1172. In *United States v. Portillo–Reyes*, 529 F.2d 844 (9th Cir.1975), *cert. denied*, 429 U.S. 899, 97 S.Ct. 267, 50 L.Ed.2d 185 (1976), the court majority held that the insertion of a key into a car door constituted the beginning of a search; testimony that the key fit the door was suppressed.

A number of federal cases have either held that the insertion of a key into a lock was either no search at all or, if a search, such a minimal intrusion as to be entirely reasonable. *See United States v. DeBardeleben*, 740 F.2d 440, 445 (6th Cir.), *cert.*

*denied,* 469 U.S. 1028, 105 S.Ct. 448, 83 L.Ed.2d 373 (1984) ("to the extent that the [*Portillo–Reyes*] majority found that defendant had a reasonable expectation of privacy in the identity of his vehicle, we disagree"); *United States v. Lyons,* 898 F.2d 210, 212 (1st Cir.), *cert. denied,* 498 U.S. 920, 111 S.Ct. 295, 112 L.Ed.2d 249 (1990) (not a search; if it is, it was not unreasonable because there was no expectation of privacy); *United States v. Grandstaff,* 813 F.2d 1353, 1358 (9th Cir.), *cert. denied, Brown v. United States,* 484 U.S. 837, 108 S.Ct. 119, 98 L.Ed.2d 78 (1987) (intrusion on privacy was minimal); *United States v. Concepcion,* 942 F.2d 1170, 1173 (7th Cir.1991) (owner of lock has privacy interest; inspection of lock is search, but defendant's privacy interest is so small officers do not need probable cause to inspect).

While the courts of this state have not resolved this issue under article I, section 7 of the Tennessee Constitution, our review suggests that a clear majority of the cases involving similar facts have concluded that inserting and turning a key to determine whether it fits a lock is not an unlawful search and seizure. The circumstances in *People v. Carroll,* 12 Ill.App.3d 869, 299 N.E.2d 134 (1973), *cert. denied,* 417 U.S. 972, 94 S.Ct. 3180, 41 L.Ed.2d 1144 (1974), are almost identical to those here; it was held that "no constitutional right was violated when [the officer] merely inserted the key" into an apartment door accessible from a common hallway and the officer determined only that the key, lawfully acquired, could turn the tumbler. This is persuasive precedent.

In our view, the privacy interests in an exterior lock are so inconsequential that the intrusion requires neither a search warrant nor probable cause, only a founded suspicion. In consequence, we find that the evidence in this case was properly admitted.

Accordingly, the judgment of the trial court is affirmed.

TIPTON, J. and WILLIAM M. DENDER, Special Judge, concur.